JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JOHN D. COOKE (CABN 233267)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: John.Cooke@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIGUEL MARTINEZ-ALEJANDREZ, ) <br>   a/k/a Miguel Martinez Alejandrez, ) <br>   a/k/a Miguel Martinez, ) <br>   a/k/a Miguel A. Martinez, ) <br>   a/k/a Miguel Alejandrez Martinez, ) <br>   a/k/a Miguel Alejandro Martinez, ) <br> ) <br>    Defendant. ) <br> ) | No. CR 10-00066 SBA <br><br> AMENDED [PROPOSED] ORDER DETAINING DEFENDANT MIGUEL MARTINEZ-ALEJANDREZ AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT <br><br> Date:   February 3, 2010 <br> Time:   10:00 a.m. <br> Court:   Hon. Laurel Beeler |

I.  DETENTION ORDER

     Defendant Miguel Martinez-Alejandrez is charged in a one-count indictment with illegally re-entering the United States, in violation of 8 U.S.C. §§ 1326(a) and (b).  On January 29, 2010, the United States moved for Mr. Martinez-Alejandrez's detention pursuant to 18 U.S.C. § 3142(f)(1)(D) (because the charged offense is a felony and Mr. Martinez-Alejandrez

AMENDED [PROPOSED] ORDER RE: DETENTION AND TIME EXCLUSION
No. CR 10-00066 SBA (LB)     1

has been convicted of at least two felony crimes of violence), and 18 U.S.C. § 3142(f)(1)(D) (because there is a serious risk that the defendant will flee), and asked for a detention hearing in three days, as permitted by 18 U.S.C. § 3142(f). Following a hearing under 18 U.S.C. § 3142(f), and considering the parties' proffers, Pretrial Services' report, and the factors set forth in 18 U.S.C. § 3142(g), the Court detains Martinez-Alejandrez as a serious risk of flight and as a danger to the community and finds that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance in this case or the safety of any other person or the community. *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Specifically, Mr. Martinez-Alejandrez's criminal history includes a conviction for a serious crime of violence that raises a substantial concern about danger to the community. Furthermore, Mr. Martinez-Alejandrez is subject to an immigration detainer issued by Immigration and Customs Enforcement ("ICE") based on the facts alleged in the indictment: namely, that he re-entered the United States after having been removed pursuant to an order of removal. Accordingly, if Mr. Martinez-Alejandrez were released from the custody of the United States Marshal, ICE would take him into its custody. Upon taking him into custody, ICE would be required to remove Mr. Martinez-Alejandrez from the United States. These facts, along with the lack of information about Mr. Martinez-Alejandrez's ties to the community, raise concern about the risk of Mr. Martinez-Alejandrez's flight and his ability to comply with any conditions of release that the Court might set.

Mr. Martinez-Alejandrez did not request a full bail study at this time, such as an interview by Pretrial Services. *See* 18 U.S.C. § 3142(f) (a defendant has the right at a Section 3142(f) hearing, with the assistance of counsel, to testify, to present witnesses, to cross-examine adverse witnesses, and to present information by proffer or otherwise). Mr. Martinez-Alejandrez expressly retained his right to raise any additional relevant information at a later hearing.

## II. SPEEDY TRIAL ACT

At the hearing, at the request of the government and with the agreement of defense counsel, the Court excluded time under the Speedy Trial Act, 18 U.S.C. § 3161, from February

3, 2010 to February 9, 2010, to enable the defense to review discovery produced by the United States.  The Court found that (i) failure to grant the requested continuance would unreasonably deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and (ii) the ends of justice served by excluding the period from February 3, 2010 to February 9, 2010 outweigh the best interest of the public and the defendant in a speedy trial.  *See* 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

### III.  CONCLUSION

Time is excluded under the Speedy Trial Act between February 3, 2010 and February 9, 2010.

The Court detains Mr. Martinez-Alejandrez as a danger to the community and as a serious flight risk.  Because Mr. Martinez-Alejandrez waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Mr. Martinez-Alejandrez's request at any future time.

Mr. Martinez-Alejandrez is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  *See* 18 U.S.C. § 3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult privately with counsel.  *See id*. § 3142(i)(3).  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.  *See id*. § 3142(i)(4).

IT IS SO ORDERED.

DATED: February 9, 2010

LAUREL BEELER
United States Magistrate Judge

AMENDED [PROPOSED] ORDER RE: DETENTION AND TIME EXCLUSION
No. CR 10-00066 SBA (LB)                          3